IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

ALICE JOHNSON and NORMA LEROY, as )
PARENTS, NATURAL GUARDIANS, and )
next friends of A.S. and M.L., Minor Children; )
ALICE     JOHNSON,     individually;     and )
NORMA LEROY, individually, )
)
         Plaintiffs, )
)
vs. )
)
CODY-KILGORE     UNIFIED     SCHOOL )
DISTRICT, a Political Subdivision; ADAM )
LAMBERT, in his individual capacity; and )
MARVANNE LOGTERMAN, )
in her individual capacity, )
)
         Defendants. )
)

Case No. 4:21-CV-3103

**CONSENT DECREE AND ORDER**

## Introduction

On May 17, 2021, and February 11, 2022, Plaintiffs Alice Johnson and Norma Leroy,

individually, and as Parents, Natural Guardians, and Next Friends of A.S. and M.L. (collectively

referred to as "Plaintiffs"), filed a Complaint and Amended Complaint, respectively, asserting

claims pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act against Defendants, Cody-

Kilgore Unified School District ("School District"), Adam Lambert, in his individual capacity, and

Marvanne Logterman, in her individual capacity, (collectively referred to as "Defendants").

Plaintiffs' operative complaint alleges that the Defendants violated the Free Exercise and

Equal Protection Clauses of the U.S. Constitution and Title VI of the Civil Rights Act by, among

other actions, cutting strands of hair of A.S. and M.L. in violation of Plaintiffs' Lakota religious

1

beliefs and without consent. Defendants denied the allegations in the Complaint and Amended Complaint.

WHEREAS, the Parties to this Consent Decree agree that the School District is bound by the requirements of U.S. Constitution, 42 U.S.C. § 1983 and Title VI of the Civil Rights Act, and the Parties have jointly agreed, through their designated representatives, that the interests of the Plaintiffs and students enrolled in the School District are best served by reaching an agreement regarding the claims made by Plaintiffs in the above-captioned matter;

WHEREAS, the Parties concur that affording equal protection of students' religious beliefs is essential to compliance with the US. Constitution, 42 U.S.C. § 1983 and Title VI and that this can best be achieved by a cooperative effort;

WHEREAS, Plaintiffs and School District desire to avoid the uncertainty, time, and expense of maintaining and litigating a lawsuit; and

WHEREAS, the Parties agree, within five (5) days after the Court has entered this Consent Decree and Order, to file a joint stipulation of dismissal with prejudice as to Defendant Adam Lambert, in his individual capacity, and Defendant Marvanne Logterman, in her individual capacity, from the above-captioned matter thereby solely binding the Defendant School District to the terms of this Consent Decree and Order.

NOW THEREFORE, intending to be legally bound hereby, the Parties consent to the entry of this Consent Decree. Any modification to or waiver of any provision of this Consent Decree must be made in writing, with the consent of the parties, to have effect. In adopting this Consent Decree, the Court has ensured it comports with the U.S. Constitution and Title VI of the Civil Rights Act. Concluding that the terms of the parties' Agreement are appropriate under the

2

circumstances presented and that the entry of this Order comports with federal constitutional law, the Court therefore **ORDERS, ADJUDGES, AND DECREES** as follows:

<u>**Definitions**</u>

1.     The following definitions shall apply to this Consent Decree. In construing these definitions, the singular shall include the plural and the plural shall include the singular:

(a)  "Head Lice Check" means the School District's process for visually checking for head lice, lice, or nits on a student's head.

(b)  "Hair Cut" means the cutting or removal of a strand or multiple strands of hair.

(c)  "Lice Examination Process" means the School District's Head Lice Check and Hair Cut process, procedures, and/or practices utilized when the School District suspects a student has head lice, lice, or nits.

(d)  "School Administration" means the Cody-Kilgore Unified School District board members and administrators.

(e)  "School District" means the Cody-Kilgore Unified School District and its School Officials.

(f)  "School Official" means the School District and its officers, employees, board members, and successors.

(g)  "Staff Handbook" means the School District's set of policies, rules, and guidelines that are to be followed by employees of the School District.

(h)  "Student" means an individual enrolled as a student at Cody-Kilgore Unified School District.

(i)  "Student Handbook" means the School District's set of policies, rules and guidelines that are to be followed by Students enrolled with the School District.

3

(j) "Official Capacity": This Consent Decree regulates only "official capacity" conduct by School District employees. It does not address the conduct of school employees in any context other than their official capacity. A person acts in his or her "Official Capacity" when (1) performing official duties or furthering the work of the School District or (2) acting under or with a power or authority granted by virtue of employment by or association with the School District.

### Terms

2.   *General Policy Prohibiting Cutting Hair.* The School District will implement a general policy prohibiting School Officials from performing Hair Cut(s) upon Student(s) for any reason without the written consent of the Student's parents or guardians. Specifically, the School District will amend the Staff and Student Handbooks within 65 days of the entry of this Consent Decree and Order as follows:

   (a) *Staff Handbook.* School Officials will add a section to the School District Staff Handbook to specify that:

      i.   School Officials shall not perform Hair Cuts on any Student without the written consent of the Student's parent and/or guardian.

      ii.  School Officials, during or in conjunction with Head Lice Checks, shall not require or encourage Students to have their hair cut.

   (b) *Student Handbook.* School Officials will amend the "Head Lice" section of the School District's Student Handbook to specify that:

      i.   No Student hair will be cut during the Head Lice Check process without the written consent of the Student's parent and/or guardian;

4

ii. School staff may request a Head Lice Check, based on excessive head scratching, student report of a "crawling" feeling, or observation of suspected lice and/or eggs;

iii. Such Head Lice Check shall be conducted by a school nurse or trained employee;

iv. The school nurse or trained employee tasked with screening students shall have received cultural competency training as described in Section 3 or be directly supervised during the Head Lice Check process by someone with the training described in Section 3.

v. The Head Lice Check shall be visual only and no strand of hair shall be cut without the written consent of the Student's parent and/or guardian. Upon discovering the presence of any indication of lice or louse eggs, the student's parent(s) or guardian(s) will be notified.

vi. Parental permission is not necessary to do a Head Lice Check.

3. *Faculty and Staff Training.* Beginning in the Fall of 2024, and annually for five (5) years, the School District will provide a training for all administrative and certificate-holding School District staff on cultural competency, including but not limited to Native American culture. The School District shall maintain discretion in choosing the content, curriculum, and provider of the training. The content of such training shall be consistent with current state and federal law.

4. *Recognition of Indigenous Peoples' Day and Native American Heritage Month.* Beginning in the Fall of 2024, the School District shall continue to give its best efforts to provide a diverse recognition of Native American Heritage Month every November. The School

District shall also ensure school staff and administration as well as Students are informed of Indigenous Peoples' Day, the second Monday of each October and Native American Heritage Day, the day after the fourth Thursday of November. The School District shall have discretion to determine how Native American Heritage Month will be recognized.

### Enforcement

5.   *Notice.* The School District shall make this Consent Decree and Order available upon request. The School District shall provide a copy of this Consent Decree and Order to all current School Administration within 30 days of the entry of this Consent Decree and Order. The School District shall provide a copy of this Consent Decree and Order to all persons who later become School Administration while the Consent Decree and Order is in effect.

6.   *Third Parties.* The benefits set forth in this Consent Decree and Order are intended to protect third party beneficiaries, including but not limited to other parent(s) or guardian(s) of Students whose hair has been cut without parental or guardian's consent. Such third parties have the right to enforce violations of this Consent Decree and Order.

7.   *Dispute and Court Resolution.* This Consent Decree and Order is designed to ensure that the School District's practices and policies do not violate, either currently or in the future, the constitutional and statutory rights of Students in the School District. The parties to this Consent Decree and Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order before bringing such matters to the Court for resolution. In the event that the School District either fails to perform in a timely manner any act required by this Consent Decree and Order or acts in violation of any provision of this Consent Decree and Order, each Plaintiff or any affected

Student or parent of an affected Student—present or future—who alleges a violation in good faith may contact the Plaintiffs' counsel. As may be appropriate, Plaintiffs' counsel may then move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts.

8.   This Court retains jurisdiction of this case to enforce the terms of this Consent Decree and Order.

**<u>Additional Relief</u>**

9.   *Payment*. In connection with the Judgment entered in favor of the Plaintiffs and against the School District, the School District shall pay Plaintiffs Alice Johnson, Norma Leroy, A.S., and M.L. $227,500 as follows: One quarter of the sum ($56,875.00) shall go directly to Alice Johnson; one quarter of the sum ($56,875.00) shall go directly to Norma Leroy; one quarter of the sum ($56,875.00) shall be set aside in a protected account for A.S. with no withdrawal of principal or interest without court order until A.S. turns nineteen (19); and the final quarter of the sum ($56,875.00) shall be set aside in a protected account for M.L. with no withdrawal of principal or interest without court order until M.L. turns nineteen (19).

10.   *Payment Schedule*. The School District shall pay a total of Two Hundred Twenty-Seven Thousand Five-Hundred Dollars ($227,500) ("Settlement Amount") within 30 days after the entry of this Consent Decree and Order. Payment will be made by check to the ACLU of Nebraska IOLTA Trust Account as follows:

(a) $56,875 for the benefit of Alice Johnson;

(b) $56,875 for the benefit of Norma Leroy;

(c) $56,875 for the benefit of A.S.

(d) $56,875 for the benefit of M.L.

The payment of the Settlement Amount described above resolves all payments related to this claim including any claim of attorneys' fees or costs. The ACLU of Nebraska is required to hold the payments of A.S. and M.L. in its IOLTA Trust Account until the conservatorship proceedings have been finalized and a restricted account has been established for each. Once the restricted accounts are opened, the ACLU of Nebraska shall be allowed to deposit the payments into the respective accounts.

11. *Late Payment.* Late payment of the settlement shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

12. *Stipulation for Dismissal.* The Parties shall enter a Stipulation for Dismissal with Prejudice regarding the payment amount which shall be filed in this matter within ten (10) calendar days of Plaintiffs' receipt of all monies due in accordance with this Consent Decree.

13. *Severability.* Nothing in this Consent Decree and Order will be construed to limit any party's right to enforce this Consent Decree and Order according to its terms. If any court of competent jurisdiction determines that any provision contained in this Consent Decree and Order, or any part thereof, cannot be enforced, the parties agree that such determination shall not affect or invalidate the remainder of the Consent Decree and Order.

14. *Effect on Parties, Heirs, Successors, and Assigns.* This Consent Decree and Order shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.

15. *Counterparts.* This Consent Decree may be executed concurrently in one or more counterparts, including execution and transmission of an electronic version, each of which

8

shall be deemed an original, but all of which together shall constitute one and the same instrument.

16.   *Effective Date and Termination Date.* Upon the date the Court enters this Consent Decree and Order, the provisions of this Consent Decree and Order become effective and binding on the parties and shall remain in effect for 5 years after the date of entry of this Consent Decree and Order. Unless this Court continues the Consent Decree and Order, it will expire 5 years from the date of entry of this Consent Decree and Order.

IT IS SO ORDERED, this 4th day of October, 2023.

Honorable John M. Gerrard
United States District Court Judge

By their signatures on this page, the undersigned parties agree to, and request the entry of, this Order:

**Plaintiff:**

Alice Johnson, on her own behalf and
on behalf of her minor daughter A.S.

**Defendant:**
Cody-Kilgore Unified School District

Ryan Orrock, in his official Capacity as
Superintendent of Cody-Kilgore Unified
School District

**Plaintiff:**

Norma Leroy, on her own behalf and on
behalf of her minor daughter M.L.

**Defendant:**

Adam Lambert, in his individual capacity

9

**Defendant:**

*Marvanne Logterman*

Marvanne Logterman, in her individual capacity


Drafted by:
Rose Godinez, #25925
ACLU OF NEBRASKA
134 S 13th Street, Suite 1010
Lincoln, Nebraska 68508
402-476-8091
rgodinez@aclunebraska.org

Joshua C. McDaniel, #286348
Kelsey Flores, #1671937
HARVARD LAW SCHOOL RELIGIOUS FREEDOM CLINIC
6 Everett Street
Suite Wcc-5110
Cambridge, MA 02138
617-998-1593
jmcdaniel@law.harvard.edu
keflores@law.harvard.edu
*Pro Hac Vice*

*Attorneys for Plaintiffs*


Approved as to form by:

*Charles E. Wilbrand*

Charles E. Wilbrand, #24888
Thomas Joseph Helget, #26043
KNUDSEN, BERKHEIMER, RICHARDSON & ENDACOTT, LLP
3800 VerMaas Place, Suite 200
Lincoln, Nebraska 68502
402-475-7011

*Attorney for Defendants*

10